TORIN A. DORROS, SBN 191228
tdorros@dorroslaw.com
**DORROS LAW**
8730 Wilshire Boulevard, Suite 350
Beverly Hills, California 90211
Telephone: (310) 997-2050
Facsimile:  (310) 496-1320

*Attorneys for Plaintiff,*
*Samuel Bandoh-Aidoo*

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samuel Bandoh-Aidoo, on behalf of himself individually, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX, INC. AND DOES 1 THROUGH 10<br><br>Defendants. | Case No.:<br>Judge:            Hon.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of California's Statutory Protection of the Security of Personal Information Cal. Civil Code § 1798.81.5<br>2. Violation of Privacy Breach Notice Statutes, Including Without Limitation Cal. Civ. Code § 1798.82 et seq.<br>3. Common Law Invasion of Privacy<br>4. Violation of California Constitution Art 1 § 1 Right to Privacy<br>5. Negligence and Negligence Per Se<br>6. Declaratory Judgment - 28 U.S.C. §§ 2201-2202<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Samuel Bandoh-Aidoo ("Bandoh-Aidoo" or "Plaintiff"), on behalf of himself/themselves individually and on behalf of all those similarly situated, hereby alleges against Defendants EQUIFAX, INC. ("Equifax"); and DOES 1 through 10 (individually "Defendant" and collectively "Defendants") as follows:

# I.

# INTRODUCTION

1.     This action arises out of Equifax's utter failure to protect and safeguard Plaintiff's confidential and protected personal, sensitive, identifying, medical, healthcare identifying, and/or financial information ("PII") ultimately resulting in the unlawful disclosure of such PII to numerous unauthorized recipients and substantial damages, emotional distress, and irreparable harm.  For purposes of this Complaint, in this Complaint and lawsuit the use of PII is meant to be given its broadest meaning and encompass all information of a person that may be confidential, private, or otherwise protected, including without limitation, a person's social security number, credit card information, credit information, and other personal, private, confidential, or sensitive information.

2.     Equifax is in the business of collecting PII among other things.  As part of its business or business operations Equifax collects and maintains California residents' PII, which Equifax has an obligation to keep secure and confidential.

3.     Equifax was privy to, came into possession of, and maintained Plaintiff's PII, of which Equifax has a legal duty to ensure the confidentiality and security.

4.     Equifax failed to protect the security and confidentiality of Plaintiff's PII and unlawfully disclosed Plaintiff's PII, or allowed Plaintiff's PII to be unlawfully disclosed, to persons who were not authorized to have Plaintiff's PII.

5.     Equifax did this class-wide.

6.     Such conduct is illegal subjecting Equifax to damages, statutory damages, punitive damages, and attorney's fees.

7.     Indeed, Plaintiff, and class members, suffered substantial damages and

CLASS ACTION COMPLAINT

1   irreparable harm as a result of Equifax's conduct.

2       8.      Equifax's illegal conduct violated Plaintiff's, and the class members',

3   various legal rights related to their right to confidentiality and security of PII, including

4   without limitation California's statutory protection for the security of personal

5   information under California Civil Code § 1798.81.5; California's data breach notice

6   statute California Civil Code § 1798.82; California's Constitutional right to privacy

7   under Cal. Const. Art 1 § 1, California's common law right to privacy; and Equifax's

8   state common law legal duties relative to its obligations to protect the security and

9   confidentiality of PII.

## II.

## PARTIES

12      9.      Plaintiff, Samuel Bandoh-Aidoo ("Bandoh-Aidoo" or "Plaintiff") is an

13  individual residing in the County of Los Angeles, California.

14      10.     Upon information and belief, Defendant Equifax, Inc. is a corporation

15  incorporated in the State of Georgia but conducts business nationwide including in

16  California and in Los Angeles County.

17      11.     The true names and capacities of the defendants named. herein as Does 1

18  through 10, whether individual, corporate, associate, or otherwise, are currently

19  unknown to Plaintiff, and therefore Plaintiff alleges that each of these fictitiously

20  named defendants is responsible in some manner for the events sued upon.  Plaintiffs

21  will seek leave of this Court to amend the Complaint to assert the true identities and

22  capacities of the defendants named herein as Does 1 through 10 when such identities

23  and capacities have been ascertained.

24      12.     Plaintiff is informed and believes, and thereon alleges, that at all relevant

25  times, each Defendant was the agent and/or employee of each of the other Defendant

26  and, in doing each of the things herein alleged, was acting within the scope of such

27  agency and/or employment.

28  ///

**CLASS ACTION COMPLAINT**

### III.

### JURISDICTION AND VENUE

13.    This case arises out of Defendants' illegal and wrongful disclosure and failure to protect Plaintiff's and class members' PII resulting in substantial statutory and other damages to Plaintiff and class members.

14.    This Court properly has jurisdiction pursuant to diversity jurisdiction; Plaintiff is a California citizen and Defendant is a Georgia citizen and the amount in controversy exceeds $75,000.

15.    This Court further properly has jurisdiction pursuant to 28 U.S.C. §§ 1331 as the action involves a federal question in that the action involves claims arising under federal statute, including, without limitation, the Federal Declaratory Judgment Act - 28 U.S.C. §§ 2201-2202; and the Federal Class Action Fairness Act - 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.   The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

16.    This Court has personal jurisdiction over Defendants because Defendants conduct business in the State of California and within this district, including providing credit monitoring, credit reporting, and/or personal information/data services within California and within this district, and other services to California residents.

17.    Venue is proper in the district pursuant to 28 U.S.C. § 1391 on either of the following grounds:  (a) a substantial part of the events giving rise to the instant claims for relief and the subject matter thereof occurred in this district, including, without limitation, that Defendants provided credit reporting, credit monitoring, or other services in California, allowed for Plaintiff's and other California residents' data and personal information to be unlawfully accessed, and engaged in other wrongful conduct toward Plaintiff and the class in this district in California, that Defendants operate and provide services in this district in California, Defendants wrongfully failed to protect/keep confidential and illegally disclosed Plaintiff's and class members PII in this district in California, and that Defendants' conduct caused significant harm and

1   damages to Plaintiff and the class while in this district in California; and (b) Defendants

2   are subject to personal jurisdiction in this district.

3                                                   **IV.**

4                                   <u>**STATEMENT OF FACTS**</u>

5          18.    Equifax is privy to, maintains, and possesses Plaintiff's PII.

6          19.    Equifax thus has a legal obligation to protect the security and

7   confidentiality of Plaintiff's PII and ensure that such PII is not unlawfully disclosed

8   and/or disclosed without Plaintiff's consent and/or disclosed to persons who were not

9   authorized to receive such PII.

10         20.    The same is true for the other class members.  Equifax has their PII.

11  Equifax has a legal obligation to ensure and protect the confidentiality and security of

12  their PII.

13         21.    However, Equifax failed in its legal obligations relative to confidentiality,

14  security, and privacy as to Plaintiff's PII.  Equifax failed to maintain adequate security

15  measures and/or protocols and ultimately such failures on the part of Equifax allowed

16  third parties to access, view, and obtain Plaintiff's PII without their authorization.  And

17  indeed the PII was disclosed to and/or permitted to be seen or obtained by persons who

18  were not authorized to see such PII.

19         22.    On or about September 7, 2017 Equifax revealed for the first time that its

20  data storage systems which stored Plaintiff's and class members' PII had been breached

21  allowing unauthorized access to such PII during approximately early May through the

22  end of July 2017 ("Equifax Data Breach").

23         23.    On or about September 8, 2017 Equifax confirmed that Plaintiff's PII had

24  been breached, accessed, and/or disclosed without Plaintiff's authorization.

25         24.    Plaintiff has had to incur costs and expenses relative to credit monitoring,

26  credit damage repair, and otherwise as a result of Defendants conduct and further

27  Plaintiff now is burdened with the real and imminent threat of actual and/or increased

28  harm from identity theft and loss of valuable confidential or sensitive personal

information.  Plaintiff is now forced to continually "look over his back" to ensure that the highly sensitive information that Defendants allowed to be disclosed or accessed is not being used without Plaintiff's authorization or in ways that can and will cause enormous damage to Plaintiff financially and otherwise.

25.    Upon information and belief the same is true for the other class members. Equifax failed to maintain and provide the adequate security measures relative to the class members' PII leading to the unauthorized access, disclosure, viewing, or obtaining of such PII and thus breached its legal obligations owed to the class members and violated the class members' various privacy rights.  Equifax's wrongful conduct now has resulted in the loss of value and security of their PII and has placed them in real and immediate jeopardy and harm of further damage including without limitation identity theft and the other substantial and often life debilitating damages and damaging effects that flow from identity theft and the theft or unauthorized access and obtaining of PII.

26.    Equifax's wrongful conduct and failure to protect and maintain the confidentiality and security of Plaintiff's PII has directly caused substantial damages to Plaintiff and other irreparable harm.

27.    Defendants' wrongful conduct including failure to maintain the confidentiality and security of Plaintiff's and the class members PII have directly caused damages to Plaintiff and the class and Defendants are liable for not only those damages but also statutory damages, fines, costs, fees, punitive damages, attorney's fees, and otherwise as provided for under the relevant laws.

## V.

## CLASS ALLEGATIONS

28.    Pursuant to applicable law, Plaintiff brings this action on behalf of a class of all other persons similarly situated. Plaintiff brings this action in a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been

1  affected thereby.

2      29.   Defendants have engaged in conduct as alleged above directly violating

3  applicable privacy and other related statutes and directly violating Plaintiff's and class

4  members privacy and other rights including without limitation providing unauthorized

5  access to their PII and allowing unauthorized disclosure of their PII among other

6  wrongful conduct.   Among other wrongful conduct, Defendants have violated

7  California's statutory protections relative to the security and confidentiality of personal

8  information, failed to provide requisite notices and take required actions including

9  notice and/or remedial conduct related to the privacy violations and breaches, were

10  negligent in multiple ways relative to their obligations to maintain confidentiality, and

11  violated their legal obligations relative to privacy rights and laws.

12      30.   The proposed classes consist of

13          a.  All California residents whose PII that was possessed, stored, or

14              maintained by Equifax was accessed, disclosed, or otherwise allowed to

15              be obtained, viewed, or acquired by unauthorized persons during the

16              Equifax Data Breach.

17          b.  All counsel for the class, judges presiding over the lawsuit, officers and

18              directors of Equifax, any person with a controlling ownership interest in

19              Equifax, and the jurors in this lawsuit are excluded from the class.

20      31.   Plaintiff is unable to state the precise number of potential members of the

21  proposed classes because that information is in the possession of Defendants. They are

22  so numerous that joinder of all members would be impracticable. The exact size of the

23  proposed classes, and the identity of the members thereof, will be readily ascertainable

24  from the business records of Defendants.

25      32.   There is a community of interest among the members of the proposed

26  classes in that there are questions of law and fact common to them that predominate

27  over questions affecting only individual members. These questions, among others,

28  include, inter alia, whether Defendants violated California confidentiality and/or

**CLASS ACTION COMPLAINT**

privacy laws and regulations relative to PII including without Cal. Civil Code § 1798.81.5, and otherwise; whether Defendants took appropriate steps, provided required notices, or adhered to other statutory requirements regarding the privacy violations and/or breaches; whether Defendants were negligent regarding their protection of the class members' PII; whether Defendants violated the class members' privacy and other rights; whether Defendants engaged in the wrongful conduct and/or statutory violations alleged herein; and whether Plaintiff and the class members are entitled to relief sought. Proof of a common set of facts will establish the liability of Defendants, and the right of each member of the class to recover.

33.    Plaintiffs' claims are typical of those of the class they represent, and Plaintiffs will fairly and adequately represent the interests of the class. Plaintiffs are represented by counsel both competent and experienced to handle this class action and the subject matter of this class action.

34.    A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Defendants, and would establish incompatible standards of conduct for Defendants.

35.    Plaintiffs and the class members are entitled to an award of attorney's fees pursuant to contract, statute, case law, regulation, and/or other legal or equitable reasons.

///

///

///

///

# VI.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Violation of California's Statutory Protection of the Security of Personal Information Cal. Civil Code § 1798.81.5

**(Plaintiff's Individual Claim and Class Action As Against All Defendants)**

36. Plaintiff incorporates the allegations above as if fully stated herein.

37. Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

38. Defendants are and were not authorized to disclose, transmit, or otherwise allow access to Plaintiff's and class members' PII to unauthorized persons.

39. As a result of Defendants' conduct, Plaintiff's and the class members' PII was disclosed to or allowed to be accessed by unauthorized persons.

40. Defendants had, possessed and/or maintained Plaintiff's and class members' PII

41. Defendants were obligated to protect and ensure the confidentiality of such PII.

42. Defendants are obligated to adhere to the requirements of Cal. Civ. Code § 1798.81.5 requiring that among other things Defendants were to ensure that they had in place appropriate security measures to provide for the security and confidentiality of Plaintiff's, and the class members' PII.

43. Defendants had a duty to protect Plaintiff's and the class members' PII and to prevent the unauthorized access and disclosure of Plaintiff's and class members' PII.

44. As a result of Defendants' conduct Plaintiff's and the class members' privacy was breached including that their PII was disclosed to unauthorized persons, allowed to be disclosed to unauthorized persons, made capable of access by unauthorized persons and/or accessed by unauthorized persons.

9

**CLASS ACTION COMPLAINT**

45.     As a result of Defendants' conduct Plaintiff's and the class members' PII was used and/or disclosed without his/their authorization and their PII was not kept secure, private, and/or confidential.

46.     Defendants breached their duties owed to Plaintiff and the class.

47.     Such breach proximately caused substantial damages to Plaintiff and the class members.

48.     Defendants' conduct violated Cal. Civ. Code § 1798.81.5.

49.     Such breach proximately caused substantial damages to Plaintiff and the class.

50.     Defendants' conduct was intentional, reckless, and/or negligent.

51.     Plaintiff and the class are entitled to recover damages and injunctive relief as a result of Defendants' wrongful conduct pursuant to Cal. Civil Code § 1798.84.

52.     Plaintiff and the class are entitled to punitive damages for Defendants' intentional, willful, and/or reckless conduct.

53.     Plaintiff and the class are entitled to attorney's fees.

54.     Plaintiff's and the class members' damages and irreparable harm are substantial and continuing and will continue unless restrained and/or enjoined.

**SECOND CLAIM FOR RELIEF**

**Violation of California Privacy Breach Notice Statute Cal. Civ. Code § 1798.82**

**(Plaintiff's Individual Claim and Class Action As Against All Defendants)**

55.     Plaintiff incorporates the allegations above as if fully stated herein.

56.     Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

57.     Defendants are and were not authorized to disclose, transmit, or otherwise allow access to Plaintiff's and class members' PII to unauthorized persons.

58.     As a result of Defendants' conduct, Plaintiff's and the class members' PII was disclosed to or allowed to be accessed by unauthorized persons.

59.     Defendants had a duty to protect Plaintiff's and the class members' PII

**CLASS ACTION COMPLAINT**

and to prevent the unauthorized access and disclosure of Plaintiff's PII.

60.    As a result of Defendants' conduct Plaintiff's and the class members' privacy was breached including that their PII was disclosed to unauthorized persons, allowed to be disclosed to unauthorized persons, made capable of access by unauthorized persons and/or accessed by unauthorized persons.

61.    Moreover under Cal. Civil Code § 1798.82 Defendants are obligated to provide statutorily required notices and take other actions upon privacy violations and privacy or data breaches such as the violations and breaches alleged herein.

62.    However Defendants failed to adhere to and comply with their statutory and other legal obligations provided under the relevant statutes including Cal. Civ. Code §§ 1798.82.

63.    Such breach proximately caused substantial damages to Plaintiff and the class members.

64.    Defendants' conduct was intentional, reckless, and/or negligent.

65.    Plaintiff and the class are entitled to recover damages and injunctive relief as a result of Defendants' wrongful conduct pursuant to Cal. Civil Code § 1798.84.

66.    Plaintiff and the class are entitled to punitive damages for Defendants' intentional, willful, and/or reckless conduct.

67.    Plaintiff and the class are entitled to attorney's fees.

68.    Plaintiff's and the class members' damages and irreparable harm are substantial and continuing and will continue unless restrained and/or enjoined.

**THIRD CLAIM FOR RELIEF**

**<u>Common Law Invasion of Privacy</u>**

**(Plaintiff's Individual Claim and Class Action As Against All Defendants)**

69.    Plaintiff incorporates the allegations above as if fully stated herein.

70.    Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

71.    Defendants are and were not authorized to disclose, transmit, or otherwise

1  allow access to Plaintiff's and class members' PII to unauthorized persons.

2       72.    As a result of Defendants' conduct, Plaintiff's and the class members' PII

3  was disclosed to or allow to be accessed by unauthorized persons.

4       73.    Defendants' conduct alleged herein was highly offensive and egregious

5  and would be offensive to a reasonable person as well as an egregious breach of the

6  social norm.

7       74.    Defendants conduct violated Plaintiff's and class members' common law

8  right of privacy.

9       75.    Defendants' conduct directly resulted in substantial damages and

10  irreparable harm to Plaintiff and class members.

11       76.    Defendants' conduct was intentional, reckless, and/or negligent.

12       77.    Plaintiff and class members are entitled to damages in an amount to

13  proven at trial, punitive damages, injunctive relief, and attorney's fees.

14       78.    Plaintiff's and class members damages and irreparable harm are

15  substantial and continuing and will continue unless restrained and/or enjoined.

16  **FOURTH CLAIM FOR RELIEF**

17  **<u>Violation of California Constitution Art 1 § 1 Right to Privacy</u>**

18  **(Plaintiff's Individual Claim and Class Action As Against All Defendants)**

19       79.    Plaintiff incorporates the allegations above as if fully stated herein.

20       80.    Plaintiff specifically incorporates herein this claim the allegations set forth

21  in the Statement of Facts above.

22       81.    Defendants are and were not authorized to disclose, transmit, or otherwise

23  allow access to Plaintiff's and class members' PII to unauthorized persons.

24       82.    As a result of Defendants' conduct, Plaintiff's and the class members' PII

25  was disclosed to or allow to be accessed by unauthorized persons.

26       83.    Defendants' conduct alleged herein was highly offensive and egregious

27  and would be offensive to a reasonable person as well as an egregious breach of the

28  social norm.

84.     Defendants conduct violated Plaintiff's and class members' right of privacy as provided her under the California Constitution.

85.     Defendants' conduct directly resulted in substantial damages and irreparable harm to Plaintiff and the class members.

86.     Defendants' conduct was intentional, reckless, and/or negligent.

87.     Plaintiff and the class are entitled to damages in an amount to proven at trial, punitive damages, injunctive relief, and attorney's fees.

88.     Plaintiff's and class members' damages and irreparable harm are substantial and continuing and will continue unless restrained and/or enjoined.

### FIFTH CLAIM FOR RELIEF

### Negligence and Negligence Per Se

### (Plaintiff's Individual Claim and Class Action As Against All Defendants)

89.     Plaintiff incorporates the allegations above as if fully stated herein.

90.     Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

91.     Defendants are and were not authorized to disclose, transmit, or otherwise allow access to Plaintiff's and class members' PII to unauthorized persons.

92.     As a result of Defendants' conduct, Plaintiff's and the class members' PII was disclosed to or allowed to be accessed by unauthorized persons.

93.     Defendants are obligated to adhere to the requirements of Cal. Civil Code §§ 1798.81.5, 1798.82, and other statutes and regulations requiring and regarding the protection of the security and confidentiality of PII and the access and disclosure of such information.

94.     Defendants had a duty to protect Plaintiff's and the class members' PII and to prevent the unauthorized access and disclosure of Plaintiff's PII.

95.      As a result of Defendants' conduct Plaintiff's and the class members' privacy was breached including that their PII was disclosed to unauthorized persons, allowed to be disclosed to unauthorized persons, made capable of access by

1 unauthorized persons and/or accessed by unauthorized persons.

2       96.    Defendants breached their duties owed to Plaintiff and the class.

3       97.    Such breach proximately caused substantial damages to Plaintiff and the

4 class members.

5       98.    Defendants' failure to adhere to the requirements of Cal. Civil Code §§

6 1798.81.5, 1798.82, and other statutes and regulations requiring and regarding the

7 protection of the security and confidentiality of PII and the access and disclosure of

8 such information constitute a breach of the standard of care and a breach of Defendants'

9 duties owed to Plaintiff and the class.

10      99.    Defendants' conduct constitutes negligence and negligence per se.

11      100.   Plaintiff and the class is entitled to recover damages as a result of

12 Defendants' wrongful conduct.

13      101.   Plaintiff and the class is entitled to attorney's fees.

14                        **SIXTH CLAIM FOR RELIEF**

15            **Declaratory Judgment - 28 U.S.C. §§ 2201-2202**

16      **(Plaintiff's Individual Claim and Class Action As Against All Defendants)**

17      2.    Plaintiffs re-alleges and incorporates by reference all preceding

18 paragraphs as though fully set forth herein.

19      3.    An actual, present and justiciable controversy has arisen between Plaintiff

20 and Defendants regarding the facts and issues and conduct as alleged herein.

21      4.    Plaintiff seeks a declaration that Defendants violated California Civil

22 Code §§ 1798.81.5 and 1798.82.

23      5.    Plaintiff seek a declaration that Defendants failed to implement and have

24 in place adequate security measures or protections to protect and ensure the safety,

25 security, and confidentiality of Plaintiff's and the class member's PII.

26                              **VII.**

27                             **PRAYER**

28 WHEREFORE, Plaintiff prays for the following:

A. As to Plaintiff's individual claims:

    1. Monetary damages in an amount to be proven at trial;

    2. Statutory damages to the maximum extent permitted by law, statute, the Court, or the jury;

    3. Statutory penalties to the maximum extent permitted by law, statute, the Court, or the jury;

    4. Equitable relief/injunctive relief enjoining Defendants and its officers, directors, agents, representatives, and employees from further conduct identical or similar in nature to the wrongful acts alleged herein;

    5. A declaration that Defendants violated California Civil Code §§ 1798.81.5 and 1798.82;

    6. A declaration that Defendants failed to implement and have in place adequate security measures or protections to protect and ensure the safety, security, and confidentiality of Plaintiff's and the class member's PII;

    7. Treble (or other applicable multiplier of) damages if and where permitted by law, statute, the Court, or jury;

    8. Punitive damages to the maximum extent permitted by law, statute, the Court, or the jury;

    9. Attorney's fees to the maximum extent permitted by law, statute, case law, the Court, or the jury;

    10. Costs of suit;

    11. Such other and further relief as the Court may deem just, fair, and proper.

B. As to Plaintiff's class action claims:

    1. Monetary damages in an amount to be proven at trial;

    2. Statutory damages to the maximum extent permitted by law, statute, the Court, or the jury;

    3. Statutory penalties to the maximum extent permitted by law, statute, the Court, or the jury;

4. Equitable relief/injunctive relief enjoining Defendants and its officers, directors, agents, representatives, and employees from further conduct identical or similar in nature to the wrongful acts alleged herein or mandating them to take such action as may be required to prevent further same or similar conduct;

5. A declaration that Defendants failed to implement and have in place adequate security measures or protections to protect and ensure the safety, security, and confidentiality of Plaintiff's and the class member's PII;

6. Punitive damages to the maximum extent permitted by law, statute, the Court, or the jury;

7. Attorney's fees to the maximum extent permitted by law, statute, case law, the Court, or the jury;

8. Costs of suit;

9. Such other and further relief as the Court may deem just, fair, and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all claims and triable issues.


Dated: September 8, 2017                 **DORROS LAW**

                                         *Torin R. Dorros*
                                         Torin A. Dorros
                                         *Attorneys for Plaintiff*

**CLASS ACTION COMPLAINT**